# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

**ARTURO SANTANA,**

       **Plaintiff,**

**v.**                                                    **Case No:   6:16-cv-222-Orl-40KRS**

**COMMERCIAL EXPRESS, INC.,**

       **Defendant.**

## REPORT AND RECOMMENDATION

**TO THE UNITED STATES DISTRICT COURT:**

This cause came on for consideration without oral argument on the following motion filed herein:

> **MOTION:**    **AMENDED JOINT FOR APPROVAL OF SETTLEMENT AGREEMENT AND REQUEST FOR ENTRY OF FINAL ORDER OF DISMISSAL WITH PREJUDICE (Doc. No. 17)**
>
> **FILED:**      **May 24, 2016**

**I.    BACKGROUND.**

On February 10, 2015, Plaintiff Arturo Santana filed a complaint against Defendant Commercial Express, Inc. Doc. No. 1. In the complaint, Plaintiff asserted that Defendant violated the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, *et seq.*, by failing to pay him the overtime compensation required by law. Plaintiff contended that he was entitled to unpaid overtime compensation, plus an equal amount in liquidated damages, and attorney's fees. Doc. No. 1. On April 29, 2016, the parties filed a motion informing the Court that they settled the claim asserted in this case and requesting that the Court approve their settlement in accordance with *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350 (11th Cir. 1982), Doc. No. 14, which was denied without

prejudice on May 9, 2016, Doc. No. 15.  The partied filed the instant renewed motion on May 24, 2016.  Doc. No. 17.  They attached a fully executed copy of their settlement agreement.  Doc. No. 17, at 5-10 (the "Settlement Agreement").  The parties stipulate to an Order approving their settlement, and dismissing the case with prejudice.  Doc. No. 17, at 3.

The motion was referred to the undersigned for issuance of a Report and Recommendation, and the matter is now ripe for review.

## II. APPLICABLE LAW.

In *Lynn's Food*, the United States Court of Appeals for the Eleventh Circuit explained that claims for compensation under the FLSA may only be settled or compromised when the Department of Labor supervises the payment of back wages or when the district court enters a stipulated judgment "after scrutinizing the settlement for fairness."  679 F.2d at 1353.  Under *Lynn's Food*, a court may only enter an order approving a settlement if it finds that the settlement is fair and reasonable, *Dees v. Hydradry, Inc.*, 706 F. Supp. 2d 1227, 1240 (M.D. Fla. 2010), and that the ensuing judgment is stipulated, *Nall v. Mal Motels, Inc.*, 723 F.3d 1304, 1308 (11th Cir. 2013).

When a settlement agreement includes an amount to be used to pay attorney's fees and costs, the "FLSA requires judicial review of the reasonableness of counsel's legal fees to assure both that counsel is compensated adequately and that no conflict of interest taints the amount the wronged employee recovers under a settlement agreement." *Silva v. Miller*, 307 F. App'x 349, 351 (11th Cir. 2009) (per curiam).[1]  If the Court finds that the payment to the attorney is not reasonable, the Court must consider whether a plaintiff's recovery might have been greater if the parties had reduced the attorney's fees to a reasonable amount.  *See id.* at 351-52; *see also Bonetti v. Embarq Mgmt. Co.*, 715 F. Supp. 2d 1222, 1228 (M.D. Fla. 2009) (finding that the Court must consider the

---

[1] Unpublished decisions of the Eleventh Circuit are cited as persuasive authority.

reasonableness of attorney's fees when a "settlement does not appear reasonable on its face or there is reason to believe that the plaintiff's recovery was adversely affected by the amount of fees paid to his attorney").

### III.  ANALYSIS.

*A.  Whether the Settlement Agreement is a Compromise.*

Under the Settlement Agreement, Defendant will pay a total of $6,400.00. That amount includes $2,400.00 Plaintiff will receive for resolution of his FLSA claim, and $4,000.00 Plaintiff's counsel will receive for attorney's fees and costs. Doc. No. 17, at 6. In his answers to the Court's interrogatories, Plaintiff averred that he was entitled to $2,400.00 for unpaid overtime plus fees and costs. Doc. No. 16, at 2.

Although Plaintiff originally claimed in his complaint that he was entitled to liquidated damages, Doc. No. 1, at 5, Plaintiff did not assert that he was entitled to liquidated damages in his answers to the Court's interrogatories. In their motion the parties represent that they agree that "Defendant should not be required to pay liquidated damages . . . because [Defendant] has presented adequate legal and factual arguments to show it acted in good faith and further in accordance with [Department of Labor regulations]." Doc. No. 17, at 2. Under these circumstances, the parties have adequately explained why Plaintiff has renounced his claim to liquidated damages. Accordingly, in light of the parties' representation that Plaintiff is receiving all of the compensation to which he is entitled under the FLSA, I recommend that the Court find that he has not compromised his claims within the meaning of *Lynn's Food*.

*B.  Attorney's Fees and Costs.*

Under the Settlement Agreement, counsel will receive $4,000.00 for attorney's fees and costs. Doc. No. 17, at 6. Because Plaintiff will receive all of the FLSA compensation arguably

due, the amount of attorney's fees and costs paid under the Settlement Agreement cannot have tainted the amount Plaintiff agreed to accept to settle the case. Accordingly, the Court need not scrutinize the Settlement Agreement further to consider whether the attorney's fees and costs to be paid are reasonable.[2] *See Caamal v. Shelter Mortg. Co., L.L.C.*, No. 6:13-cv-706-Orl-36KRS, 2013 WL 5421955, at *5 (M.D. Fla. Sept. 26, 2013).

### C. *Whether the Settlement is Fair and Reasonable.*

"If judicial scrutiny confirms that the parties' settlement involves no compromise [of the employee's claim], the district court should approve the settlement and dismiss the case (if the employer has paid) or enter judgment for the employee (if the employer has not paid)." *Moreno v. Regions Bank*, 729 F. Supp. 2d 1346, 1350 (M.D. Fla. 2010) (quoting *Dees*, 706 F. Supp. 2d at 1247). However, the Court is aware that some judges in the district have expressed the view that a non-cash concession by an employee, such as a confidentiality provision or a broad release clause, "affects both the 'fairness' and the 'full compensation' component of the settlement, and thus requires (and often precludes) a fairness finding, even when all monetary compensation owed is paid in full." *Jarvis v. City Elec. Supply Co.*, No. 6:11-cv-1590-Orl-22DAB, 2012 WL 933057, at *5 (M.D. Fla. Mar. 5, 2012), *adopted by* 2012 WL 933023 (M.D. Fla. Mar. 20, 2012) (internal quotation marks omitted). The presiding District Judge in this case has held that "a release in an FLSA settlement is generally reasonable so long as it is narrowly-tailored to the wage claims asserted in the complaint." *Cooper v. Garda CL Se., Inc.*, No. 6:15-cv-1677-Orl-40KRS, Doc. No.

---

[2] The parties further represent that "[t]he payment to Plaintiff's counsel was negotiated separately after the parties agreed to the settlement payment of $2,400.00 for FLSA damages sought by the Plaintiff, and without regard as to the amount paid to the Plaintiff." Doc. No. 17, at 2. This representation is another indication that the agreed upon attorney's fees and costs do not undermine the fairness of the Settlement Agreement. *Cf. Bonetti*, 715 F. Supp. 2d at 1228 ("[T]he best way to insure that no conflict has tainted the settlement is for the parties to reach agreement as to the plaintiff's recovery before the fees of the plaintiff's counsel are considered.").

17 (M.D. Fla. Dec. 18, 2015).   Here, the release is limited to the claims alleged in this case.   Doc. No. 17, at 6.   Therefore, I recommend the Court find that the release does not undermine the fairness of the Settlement Agreement.

## IV. RECOMMENDATIONS.

In light of the foregoing, I respectfully **RECOMMEND** that the Court do the following:

1. **GRANT** in part the Amended Joint Motion for Approval of Settlement Agreement and Request for Entry of Final Order of Dismissal With Prejudice (Doc. No. 17);

2. **FIND** that the parties' settlement agreement (Doc. No. 17, at 5-10) is a fair and reasonable resolution of a *bona fide* dispute under the FLSA;

3. **DECLINE** to retain jurisdiction to enforce the settlement agreement[3]; and

4. **DISMISS** this case with prejudice, and thereafter **DIRECT** the Clerk of Court to close the case.

## NOTICE TO PARTIES

A party has fourteen days from this date to file written objections to the Report and Recommendation's factual findings and legal conclusions.   A party's failure to file written

---

[3] In the Settlement Agreement the parties stipulate as follows:

> [I]n any dispute between [the parties] relating to this Agreement, exclusive venue shall be in the United States District Court, Middle District of Florida, Orlando Division or in the event jurisdiction cannot be had therein, the Circuit Court of the Ninth Judicial Circuit, in and for Orange County, Florida . . . .

Doc. No. 17, at 7.  The parties do not explicitly request that the Court retain jurisdiction to enforce the Settlement Agreement.   Nevertheless, I recommend that the Court decline to retain jurisdiction to avoid a later dispute regarding whether approval of the settlement agreement in an order dismissing the case constitutes retention of jurisdiction.   *See, e.g., Warren v. Pepin & Pearl, Inc.*, No. 8:09-cv-2153-T-17EAJ, 2010 WL 4513424, at *1-2 (M.D. Fla. Nov. 2, 2010).

objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation.  *See* 11th Cir. R. 3-1.

Recommended in Orlando, Florida on May 27, 2016.

> *Karla R. Spaulding*
> KARLA R. SPAULDING
> UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Presiding District Judge
Counsel of Record
Unrepresented Party
Courtroom Deputy